**HENNELLY & GROSSFELD LLP**
Kenneth B. Grossfeld (SBN 110641)
Brian M. Englund (SBN 070753)
3600 American River Drive, Suite 145
Sacramento, California 95864-5997
Telephone: (916) 488-1000/Facsimile: (916) 488-3269
E-mail:  hgsac@aol.com

Attorneys for Defendants
WHIRLPOOL CORPORATION and
EMERSON ELECTRIC CO.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY, | CASE NO. 2:07-CV-00630-FCD-GGH |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| -vs- | |
| WHIRLPOOL CORPORATION; EMERSON ELECTRIC COMPANY; and DOES 1 through 25, inclusive, | |
| Defendants. | |

THE PARTIES STIPULATE AS FOLLOWS:

1. The parties may produce documents in disclosure or in response to requests for production of documents which may be considered by the party producing them to contain information that is confidential, proprietary, sensitive, and/or trade secret.

2. Any documents produced in this action which contain engineering, testing or other technical data pertaining to the accident dishwasher and its components which are not publicly available may be stamped "Confidential" at the time of production.

3. The parties and their attorneys of record shall use any documents marked "Confidential" only in connection with this action.

4. The parties and their attorneys of record shall not provide, distribute or, in any way, divulge any such documents marked as "Confidential" or any copies, or their

contents, to any person. Notwithstanding the above prohibition, counsel for a party may provide the document and/or the contents thereof, to other attorneys for that party or their staff, and any consultant or expert retained in connection with this litigation. All consultants and experts as well as any person provided access to documents marked "Confidential", or the information therein, aside from attorneys of record and their staff, must first agree in writing to be bound by the terms of this Protective Order.

5. Upon the conclusion of this action, the parties shall return to the producing party all documents in their custody, possession or control which are marked "Confidential", including all copies thereof. Moreover, the parties shall destroy at the conclusion of this matter any compilation or extracts of information created for or used in the litigation which contains "Confidential" information.

6. For motions or other filings with the Court in which any party intends to submit documents or other information that has been designated as confidential, the designating party shall be provided an opportunity to file a motion pursuant to Local Rule 39-141 to have such documents or information, in whole or in part, filed under seal, upon a showing of good cause.

7. Any party desiring to challenge a designation that a document or information should be considered Confidential, shall confer with the designating party's counsel and identify the specific documents or other information to which the challenging party object s to and provide an articulable basis for each objection. If the parties are then unable to reach agreement as to the Confidential designation, counsel for the designating party must, within ten (10) days of receipt of the notice of the challenge, apply to the Court for a determination. In any such proceeding, the designating party shall have the burden of establishing that the disputed documents or other information are Confidential as the case may be. The status of the disputed documents or other information shall continue unless and until such time as the Court rules otherwise. Upon a determination by the Court that the documents or other information was not properly designated, the designating party shall provide a substitute of the document or other information without any designation.

**STIPULATION AND PROTECTIVE ORDER**

8. The improper disclosure of any Confidential documents, material or information obtained under this Protective Order, or any other violation of this Order by any person or entity, shall render the offending person or entity subject to such sanctions as the Court deems an appropriate penalty, or deterrent for future violations, including without limitation, civil fines, attorneys' fees and costs incurred as a consequence of any such violation, whether filed in this action or such separate action as permitted by law.

9. Nothing in this Order shall be construed as a waiver of any party's right to object to the admissibility at trial of any documents covered by this Order.

10. The parties and their attorneys of record agree that obligations under this Order may only be modified by Order of the Court or signed stipulation by all counsel of record, and no acts of any party can constitute a waiver or release of any obligations or rights created by this Order.

HENNELLY & GROSSFELD LLP

Dated: June _____, 2007        By: _____
                                    BRIAN M. ENGLUND
                                    Attorneys for Defendants
                                    WHIRLPOOL CORPORATION and
                                    EMERSON ELECTRIC CO.

HUBERT & YASUTAKE

Dated: June _____, 2007        By: _____
                                    Darrel K. Yasutake
                                    Attorneys for Plaintiff
                                    STATE FARM GENERAL INSURANCE
                                    COMPANY

**ORDER**

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: 6/13/07                 /s/ Gregory G. Hollows
                               The Honorable Gregory G. Hollows
                               UNITED STATES MAGISTRATE JUDGE

Statefarm.ord

**STIPULATION AND PROTECTIVE ORDER**